No. 15,231.

SULLIVAN *v.* PEOPLE
(139 P. [2d] 876)

Decided June 21, 1943.   Rehearing denied July 12, 1943.

Mr. J. NELSON TRUITT, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was tried in March, 1942, for the murder of Carrie W. Culbertson in January preceding.

The verdict was "guilty" in the first degree and the penalty thereby fixed at death. Sentence was pronounced accordingly and to review that judgment this writ is prosecuted. Of the twelve assignments but six are relied upon. All however may properly be considered under the single question: Should the jury have been permitted to conclude from the evidence that defendant was subject to the extreme penalty?

█ Defendant's plea was not guilty and not guilty by reason of insanity. There was no evidence to support a finding of insanity. All of it, for both prosecution and defense, expert and lay, was to the contrary. The experts were, however, practically unanimous in saying that defendant's intellect was below "the average normal level;" that he was "of inferior intelligence" and "mentally" below eighteen years of age. This has nothing to do with "age" as used in the statute. It reads: " * * * No person shall suffer the death penalty who, at the time of conviction, was under the age of eighteen (18) years; * * *." '35 C.S.A., c. 48, §32. Had the Legislature intended "mental age" it would have used no such equivocal language. That contingency was well cared for by leaving the question of punishment, life imprisonment or death, to the discretion of the jurors. We have no reason to believe that they abused that discretion, but if so, power to correct it is lodged elsewhere. We are powerless to write "mental" into the statute.

Counsel for defendant admits, and properly so, that there "is little of error" in this record, that "the verdict of guilty was justified," and that all the witnesses testified "defendant was probably legally sane."

█ Defendant did not take the stand. Practically the whole of the state's case was his oral confession

detailed on the stand by the officers to whom it was made. It was clearly voluntary, corresponds with all other evidence in the case, and is wholly undisputed. From it we learn that defendant was forty-two years old; that he went in the evening to the home of the deceased to deliver a letter; this done he asked for some tools he had left there; that while getting them in her basement deceased stooped over and defendant, using a knife he had picked up there, stabbed her in the back; then he went home and retired; that early next morning he returned to the basement of the Culbertson residence; that he carried and dragged the body from where it had fallen and left it in front of the furnace door; and that he then turned out some lights which had burned during he night and withdrew, locking the door behind him. His sole excuse for the crime was a "grudge," carried from the preceding summer, because deceased had "been mean" to his employer. This evidence sustains the verdict and the penalty. *Mitchell v. People,* 76 Colo. 346, 232 Pac. 685.

This record, and the arguments before us, present the simple question stated above. The answer must be that neither the trial court, nor this, may consider the subject. Thereon the jurors are the final arbiters and from their conclusion there is no appeal. Section 32, supra.

The contention of counsel here is novel and does credit to his resourcefulness in defending one whose sole reliance it was; particularly in view of the fact that he appears by appointment and with no hope of adequate compensation; but we are unable to agree with him. Passing the hurdles that no known authority supports him and that reason resists, the resolution he contends for would lead into a hopeless morass. If statutory age be measured by the courts in intellect, not years, then not only must low mentality reduce it, but high mentality must increase it. So legal age, voting age, mar-

riageable age, age of consent, and every other age fixed by law is variable and becomes the plaything of courts. We cannot invoke the consequences of such a declaration.

The judgment is affirmed, and since the date fixed by the trial court for its execution has expired this court, by authority of section 497, chapter 48, '35 C.S.A. and *Mora v. People*, 19 Colo. 255, 264, 35 Pac. 179, and many other cases, now directs that it be carried into effect the week ending September 20, 1943.