## No. 20,797.

RICHARD LeROY SWANSON AND DONALD P. MILLER *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(390 P. [2d] 470)

Decided March 23, 1964.

Plaintiffs in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

SWANSON and Miller, hereinafter referred to as the defendants, upon a joint trial to the court were convicted of the crime of unnatural carnal copulation. See C.R.S. '53, 40-2-31. Their motion for new trial was thereafter denied and each was duly sentenced to a term in the State Penitentiary. No writ of error seeking review of this judgment and sentence ever issued.

Three years later the defendants, still in custody, filed a motion to vacate judgment and sentence under Rule 35 (b), Colo. R. Crim. P. The trial court summarily denied this motion, declining to cause notice of the filing of the motion to be served on the prosecuting attorney and making no findings or conclusions with respect thereto.

In the motion to vacate sentence the defendants alleged that the trial court "lacked jurisdiction" to sentence them for the reason that the trial judge, sitting as the trier of the facts, convicted them upon the uncorroborated testimony of their minor victim and that in being thus convicted the defendants were denied "due process."

In our view the position of the defendants is unten-

able, not just from a substantive standpoint but from a procedural standpoint as well:

Rule 35 (b) provides, in part, as follows:

"A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the constitution or laws of Colorado or of the United States, or that the court imposing the sentence was without jurisdiction to do so, . . . may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct it. *Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief,* the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or . . . that there was a violation of the prisoner's constitutional rights *of a sort not effectively subject to review on writ of error* either because the violation itself operated to prevent review or because the violation through no fault of the prisoner did not appear upon the record so as to be subject to review, the court shall vacate and set aside the judgment . . . ." (Emphasis supplied.)

■ The suggestion that the trial court "lacks jurisdiction" to sentence the defendants is patently without merit. The trial court clearly had jurisdiction over both the subject matter, i.e. the crime denounced by C.R.S. '53, 40-2-31, as well as over the person of each defendant.

Further, the contention that the defendants were denied "due process" because the trial court convicted them on the uncorroborated testimony of the victim is a matter which under the circumstances cannot be successfully raised by a motion under Rule 35 (b).

■ In order for an alleged "violation of the prisoner's constitutional rights" to be a ground for relief under Rule 35 (b) it must be "of a sort not effectively subject

to review on writ of error." Here the alleged violation of the defendants' constitutional rights most obviously *was* of a type effectively subject to review on writ of error, and hence the matter may not be raised in the manner here sought.

In disposing of this controversy on a procedural ground, we would not want to be understood as indicating that the defendants' position is otherwise valid. The long-standing rule in Colorado is that a defendant in a criminal proceeding may be convicted on the uncorroborated testimony of an accomplice. See *Roberts v. People,* 11 Colo.. 213, 17 P. 637, and *Burns v. People,* 148 Colo. 245, 365 P. (2d) 698. In the instant case we are not even confronted with a conviction based on the uncorroborated testimony of an accomplice, but a conviction based on the corroborated testimony of the victim! In short, in our view the evidence is amply sufficient to support the judgment.

The judgment is affirmed.

MR. JUSTICE MOORE not participating.