No. 21482.

Bernard Joseph Hammons *v.*
The People of the State of Colorado.
(400 P.2d 199)

Decided March 22, 1965.

Plaintiff in error, pro se.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John E. Bush, Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

Hammons was convicted of breaking and entering a motor vehicle with the intent to commit larceny therein, as such offense is defined in C.R.S. '53, 40-5-11(1), and was sentenced to a term of from one to three years in the State Penitentiary. This sentence was later suspended by the trial judge and Hammons was then granted probation.

By writ of error Hammons sought and obtained a review by this Court of the foregoing judgment and sentence. See *Hammons v. People*, 153 Colo. 193, 385 P.2d 592, where the judgment and sentence was affirmed.

Thereafter, pursuant to Rule 35(b), Colo. R. Crim. P., Hammons filed in the trial court a motion to vacate and set aside the aforementioned judgment and sentence and to "release the defendant from custody and restraint." The trial court caused notice of this motion to be served upon the district attorney, and in due time hearing thereon was held, Hammons appearing *pro se* and the district attorney appearing for the People. No evidence was introduced or offered at the hearing, though the

trial court did listen to legal argument. At the conclusion of this oral argument, the trial court denied the aforementioned motion on the ground that "all of the matters of which you [Hammons] complain were presented to the Supreme Court on a writ of error sued out in that court . . . ." By the present writ of error Hammons now seeks reversal of the judgment denying his motion to vacate.

In the motion to vacate Hammons alleges that "the sentence imposed upon him was based on acts, trial procedures and evidentiary matters that were in violation of the defendant's constitutional rights as a citizen of the United States and of the State of Colorado." More specifically, Hammons complains that his several constitutional rights were abridged in the following particulars:

1. by permitting the jury panel during voir dire examination to view various and sundry articles which had been previously taken from his automobile by an unlawful and unreasonable search and seizure thereof;

2. by thereafter permitting the district attorney to introduce into evidence, over objection, certain of the aforementioned articles; and

3. by the suppression of evidence by the district attorney, which evidence would have been "helpful" to the defendant in that it would have contradicted in an important detail the testimony of two of the People's witnesses who were supposedly eye witnesses to the crime.

■ Rule 35(b) provides a post-conviction remedy for a prisoner in custody where: (1) the sentence imposed was in violation of the constitution or laws of Colorado or of the United States; or (2) the sentencing court lacked jurisdiction; or (3) the sentence imposed was in excess of the maximum sentence authorized by law; or (4) the statute for the violation of which the sentence was imposed is unconstitutional or was repealed.

In the instant case there is no contention that the trial

court lacked jurisdiction or imposed a sentence which was in excess of the maximum provided by the applicable statute, or that the statute itself was unconstitutional or otherwise invalid. Rather, as noted above, Hammons' sole contention is that the sentence imposed was in "violation" of certain of his constitutional rights.

In this connection, Rule 35(b) provides, among other things, that any alleged violation of a prisoner's constitutional rights must be of "a sort not effectively subject to review on writ of error either because the violation itself operated to prevent review or because the violation through no fault of the prisoner did not appear upon the record so as to be subject to review . . . ." The clear import of the foregoing language is that *if* the alleged violation of the prisoner's constitutional rights *is* of a sort which is effectively subject to review on writ of error, then the violation cannot form the basis upon which a motion under Rule 35(b) can be successfully predicated. See, in this regard, *Swanson v. People,* 154 Colo. 340, 390 P.2d 470, where it was held that the contention that a criminal conviction may not be based on uncorroborated testimony was a matter "effectively subject to review on writ of error," and hence could not be raised by a motion under Rule 35(b).

In the instant case all matters urged in the motion to vacate were not only of a sort effectively subject to review on writ of error, but were in fact reviewed by us in *Hammons v. People, supra.* In that case Hammons, in his briefs filed in this Court, contended that the trial court had committed error in permitting the district attorney to introduce into evidence, over his objection, certain articles which were in nowise relevant to any issue in the case and which were the fruits of an allegedly unlawful and unreasonable search of his automobile. Similarly, in that case Hammons also contended that there was error in permitting the jury to view certain other articles also taken from his car which were

never offered into evidence. Finally, in that case Hammons argued that it was error for the trial court to refuse him a new trial, where he had just discovered evidence which would have been of aid to him and which was allegedly suppressed by the district attorney.

From the foregoing recital, it is apparent that all matters urged in the present motion to vacate were also urged, considered and in each instance discarded by this Court in *Hammons v. People, supra.* Such, then, being the state of the record, the trial court committed no error in denying Hammons' motion to vacate and in refusing to set aside the judgment and sentence.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY not participating.