No. 21012.

MICHAEL JOHN BELL *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(406 P.2d 681)

Decided September 13, 1965. Rehearing denied November 1, 1965.

Rollie R. Rogers, Lew E. McClain, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James W. Creamer, Jr., Assistant, George H. Sibley, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Michael John Bell, to whom we will refer as the defendant, was accused of the crime of first degree murder in an information filed on September 17, 1962, in the dis-

trict court of the City and County of Denver. He entered a plea of not guilty and a further plea of not guilty by reason of insanity. He was placed in the Colorado General Hospital for observation.

On October 30, 1962, the defendant appeared in court and thereupon the report of the state psychiatrists on his mental condition was read. Their findings were that the defendant was legally sane at the time of their examinations and at the time of the homicide involved in this case. Counsel for the defendant advised the court that the accused would persist in his plea of not guilty by reason of insanity and he then moved the court for separate trials — one on the question of insanity, and a second trial on his plea of not guilty. The motion was denied. At the conclusion of the trial the jury returned its verdicts and found that the defendant was sane; that he was guilty of first degree murder; and fixed his penalty at death. Judgment was entered pursuant to the verdicts. Motion for a new trial was filed and overruled.

Counsel for the defendant has presented the points relied on for reversal of the judgment under five captions as follows:

"I.

"The trial court erred in denying defendant separate trials.

"II.

"The trial court erred in admitting into evidence People's Exhibit 'AA' the purported confession of defendant.

"III.

"The trial court erred in admitting evidence of other criminal conduct on the part of the defendant.

"IV.

"The trial court erred in commenting on the evidence and in unduly emphasizing certain portions of the evidence.

"V.

"The trial court erred in denying defendant's motion

for mistrial on the grounds that the defendant was not present at all stages of the trial."

Before considering the above assignments of error a brief reference to the salient facts will be made.

Carl Knobbe, a police officer of the City and County of Denver, was shot and killed at approximately 12:30 A.M. on September 12, 1962, on a street in the southeast section of the city of Denver. The events leading up to and immediately following the killing, as detailed by the evidence, are as follows:

At about 9:45 P.M., September 11, 1962, the defendant appeared at a filling station located at 65 South Colorado Blvd. in the city of Denver. The attendant, one Mr. Biggs, testified that the defendant drew a gun from under his coat and demanded the "money from the office." At the point of the gun he took the money from the cash register as well as the money in the billfold belonging to Biggs. There was a Buick automobile parked on the lot occupied by the filling station and the defendant seized it and drove away in it, proceeding in a westerly direction on Bayaud avenue. Biggs immediately called the police. At 10:00 o'clock P.M., auxiliary policemen Yarrington and Holden observed the defendant driving a Buick automobile answering the description given in a police broadcast concerning the robbery. At that time the defendant was at Seventh avenue and Josephine street in Denver. The auxiliary officers chased him over a zigzag course which involved many turns and the running of several traffic lights. At a point early in the chase they were close enough to make identification of the defendant and to record the license number of the stolen automobile. However, they lost the car in the chase after making contact on their radio with another auxiliary police car. Police officer Knobbe gave chase to the stolen Buick shortly after the defendant eluded Officers Yarrington and Holden. In endeavoring to escape the chase by Knobbe the defendant wrecked the automobile he was driving. As Knobbe left his automo-

bile the defendant shot and killed him. Immediately following the shooting the defendant knocked on the door of the residence of Grace Prentice, who resided at 2176 South Washington street in Denver, and asked if he could use her phone, stating that he had car trouble and wanted to call for help. This happened between 12:30 and 12:45 A.M. After he had gained entrance to the house he turned on the woman and shot at her. She stated that as he held the gun he "worked with it and nothing more happened." She ran out of the house and entered the house next door where the police were called. The defendant was arrested on the 13th day of September, 1962, at about 6:00 A.M. at which time there was an altercation and the arresting officer disarmed him. At about 7:45 o'clock A.M. on September 13, the defendant was questioned by Police Captain Shumate. In the presence of a court reporter he made a complete statement concerning his activities. The statement was reduced to writing and signed by him. It appears in the record as Exhibit AA. The taking of the statement and the signing thereof by the defendant was concluded at 8:30 A.M.

Questions to be Determined.

First. *Did the trial court err in denying the motion of the defendant for a separate trial upon the issue of insanity?*

This question is answered in the negative. The statute on the subject is C.R.S. 1963, 39-8-3 and the pertinent portion thereof reads as follows:

"(1) When a defendant pleads not guilty by reason of insanity at the time of the alleged commission of the crime, and joins with it another plea or pleas not involving insanity, including the plea of not guilty, after the period of observation, the case, in the discretion of the court, may be either set for trial on the insanity issue alone, or may be set for one trial upon all issues raised by all pleas entered."

This court has ruled that the statute is constitutional

and its adoption was a valid exercise of legislative power. *Castro v. People,* 140 Colo. 493, 346 P.2d 1020. The act of the trial judge in disposing of the sanity issue and the issue of guilt in a single trial was approved by this court in *Wymer v. People,* 114 Colo. 43, 160 P.2d 987, and in *Martinez v. People,* 124 Colo. 170, 235 P.2d 810.

The trial court in the instant case had discretionary power to order a separate trial on the issue of insanity. There is nothing in the record to indicate any abuse of its discretion in ordering both issues disposed of in one trial.

■ Second. *Did the trial court err in admitting into evidence the confession which the defendant signed within three hours after his arrest?*

This question is answered in the negative. The defendant contends that the confession signed by him was erroneously admitted in evidence, for three reasons: (1) It was obtained under threats of personal harm; (2) he had not been permitted to see an attorney prior to making the confession; and (3) he was not taken before a justice of the peace within a reasonable time as required by Rule 5 (a) (2) of the Colorado Rules of Criminal Procedure.

■ Analysis of the record relating to each of these contentions leads to the conclusion that they are all untenable. We will not lengthen this opinion unnecessarily by setting forth the details upon which the assignments are based for the reason that there is one complete answer to all the points raised to the admissibility of defendant's confession. The defendant voluntarily took the witness stand and in response to questions put to him on direct examination by his attorney he made the identical statements concerning the killing that were contained in the confession signed by him in the presence of police officers immediately following his arrest. His testimony included details of the robbery from the scene of which he fled prior to the killing. His confession made no reference to the robbery. In every important particular he

related on the witness stand the facts involved in the robbery of Biggs, the theft of the Buick automobile, the chase made by the auxiliary policemen, the killing of Officer Knobbe after the defendant had wrecked the Buick automobile, the flight of defendant to the residence of Grace Prentice, and the shooting at her after he gained admittance to her home. In every important particular he corroborated the story which was told by the witnesses for the people. In no matter of substance is there any difference between his statements as set forth in the confession and those given by him as a witness under oath at the trial. The applicable principle of law is correctly stated in the opinion of this court in *Washington v. People,* 158 Colo. 115, 405 P.2d 735, announced simultaneously herewith, as follows:

"* * * when the defendant elected to repeat to the jury his pre-trial statements, he waived every objection he might have urged to other proof by the prosecution of the same or similar statements. *Moya v. People,* 88 Colo. 139, 293 Pac. 335; *Honda v. People,* 111 Colo. 279, 141 P.2d 178; *State v. Unsworth, supra; State v. Dotson,* (Ore.) 396 P.2d 777."

From *Moya v. People, supra,* we quote the following pertinent language:

"* * * But a more complete answer is found in the fact that defendant took the stand in his own behalf and voluntarily testified to every statement made in Exhibit P. Hence if the admissions thereof had been erroneous the error would have been without prejudice."

▮ Third. *Did the trial court err in admitting evidence of criminal conduct of the defendant other than that which directly related to the killing of Officer Knobbe?*

This question is answered in the negative. The contention is made that the trial court erred in admitting evidence concerning the robbery of Biggs, the theft of the Buick automobile, the chase in which the auxiliary policemen engaged, the entry into the home of Grace Prentice,

and the shooting that took place in that home. In connection with all of the evidence the jury was carefully informed, prior to the time the evidence was heard, that it was being admitted for a limited purpose "of establishing the motive, intent and identity of the defendant" as related to the murder charge.

All of the events shown by the evidence to which objections were made were committed by the defendant within a period of less than six hours. Considered together they show a motive for the killing of the policeman and an intent on the part of the defendant to stop at nothing in an effort to escape and avoid the consequences of his criminal acts. The defendant by his own design wove each criminal act into a web of violence culminating in murder, and the lesser crimes committed by him were inseparably related to and connected with the full story of the homicide. The jury was properly instructed concerning the purpose of the testimony at all stages of the trial.

 All of the authorities upon which counsel for defendant rely are clearly distinguishable from the instant case upon the facts. We think it sufficient to direct attention to the early case of *Warford, et al. v. People,* 43 Colo. 107, 96 Pac. 556, from which we quote:

"The general rule is, that evidence is not admissible which shows, or tends to show, that the accused has committed a crime wholly independent of the offense for which he is on trial. The reason for the rule is, that no person shall be convicted of an offense by proving that he is guilty of another. Evidence of such character creates a prejudice in the minds of the jury against the accused, and the rule should, therefore, be strictly enforced in all cases where applicable. To this general rule, however, there are exceptions. It is always proper to show the motive which may have prompted the accused to commit the crime for which he is being tried, and the intent with which he committed the acts which it is claimed constitute that crime; and evidence which tends

to prove either of these facts is relevant to establish the commission of the crime for which he is on trial, even though such evidence, for the purpose indicated, may tend to show the commission of similar and independent crimes by him. Underhill on Criminal Evidence, §§ 89-90; *United States v. Snyder,* 14 Fed. 554; *Gassenheimer v. The State,* 52 Ala. 313."

The facts involved in the instant case are so interrelated as to present a classic example of a case in which the exception to the general rule of exclusion is applicable.

■ Fourth. *Did the trial court err in commenting on the evidence and in unduly emphasizing certain portions of the evidence?*

We answer this question in the negative. It is argued that error was committed when the trial court advised the jury that Exhibit "C" was the bullet that Dr. Ogura testified he removed from the victim's body. It is also urged that when Officer Haze testified he stated that defendant told him that the deceased said, "My God, don't," as he was shot. It is urged that this statement of deceased was repeated five times at various points in the examination of witnesses, and that this was unduly emphasizing this most damaging statement and that "it is inescapable that the minds of the jurors were impassioned, influenced and aroused against the defendant." These contentions are untenable. The defendant himself testified that this statement was made by Knobbe as he was being shot down.

■■ With reference to the contention that error was committed by the trial court when it refused to grant a mistrial on the ground that the defendant was not present at all stages of the trial, it is sufficient to say that he was present at all stages when the proceedings required his presence. No error was committed in this connection. 23 C.J.S. p. 897 provides, inter alia:

"* * * Thus, the exclusion of accused during conferences of court and counsel on questions of law, at the bench or in chambers, has been considered not to consti-

tute a denial of the right of accused to be present. at every stage of the trial. * * *"
This rule has been adopted by this court. *Strong v. People*, 80 Colo. 284, 250 Pac. 857.

 · The judgment is affirmed.