No. 23082.

MICHAEL JOHN BELL *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(431 P.2d 30)

Decided August 22, 1967.

ROLLIE R. ROGERS, LEW E. MCCLAIN, DONALD P. MAC-DONALD, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

Michael John Bell, who will hereinafter be referred to as the defendant, was convicted of the crime of murder in the first degree and the jury fixed his punishment at death. Upon review by writ of error this court thereafter affirmed the aforementioned judgment and sentence. *Bell v. People,* 158 Colo. 146, 406 P.2d 681.

A short time before he was scheduled to be executed, the defendant filed with the trial court a motion for post-conviction relief under Colo. R. Crim. P. 35. In this motion the defendant asked that the judgment and sentence be set aside for a variety of reasons. The trial court then proceeded to hold an evidentiary hearing in connection with the motion to vacate, but limited the scope of the hearing to the one issue as to whether pretrial publicity precluded and prevented the defendant from having a fair and impartial trial. During this hearing inquiry was also made into the actual day-to-day conduct of the trial proper. As to the other matters sought to be raised in the motion to vacate, the trial court decreed that there should be no evidentiary hearing. At the conclusion of the hearing the trial court then took the entire matter under advisement. Thereafter the trial court denied the defendant's motion to vacate, and by the present writ of error the defendant now seeks reversal of that particular judgment and order.

By way of a summary of argument the defendant in his brief contends that the judgment and sentence about which he complains should be vacated because the trial court erred:

1. in summarily denying his contention that the confession introduced into evidence upon the trial could not have been voluntary because of his lack of mental capacity;

2. in summarily denying his contention that his con-

stitutional rights were impinged upon by the refusal of the trial court to grant him a separate trial on the issue of insanity;

3. in its determination that the pretrial and "during the trial" publicity did not result in depriving the defendant of a fair and impartial trial;

4. in summarily denying his further contention that he was denied a fair and impartial trial because the jury was qualified by the district attorney to consider the imposition of the death sentence;

5. in summarily denying the defendant's contention that the death sentence constitutes "cruel and unusual punishment," particularly as applied to one in his particular situation; and

6. in summarily denying his contention that the imposition of the death sentence interfered with his right to freedom of religion and speech.

■ In our view of the matter the trial court's handling of the defendant's motion to vacate was eminently correct, and hence the judgment and order denying said motion should be affirmed.

■ Points 1 and 2 in the defendant's summary of argument, which have been set forth above, were considered, and rejected, by us in *Bell v. People, supra.* It is quite true that our opinion in that case makes no specific mention of the particular matter which the defendant now urges, namely that his confession was improperly admitted into evidence because of his alleged lack of mental capacity. However, examination of the briefs submitted in the first writ of error discloses that this particular matter was urged by counsel upon this Court. And in *Bell v. People, supra,* we held that there was one "complete answer" to *all* of defendant's objections to the introduction into evidence of his confession. The "complete answer" was the fact that in the trial of this matter defendant voluntarily took the stand and testified to everything contained in his confession. Points 1 and 2, then, having been heretofore considered by us

when the defendant obtained review of the judgment and sentence by writ of error, these same matters are not to be considered again in a motion to vacate. *Hammons v. People,* 156 Colo. 484, 400 P.2d 199.

 As to point 4, wherein the defendant claims that it was error to permit the district attorney to qualify the jury for consideration of the death sentence, the trial court did not err in refusing to hold an evidentiary hearing in connection therewith. In Colorado it has long been the rule that a prospective juror who announces in advance that he would not follow the instructions of the court is subject to a challenge for cause. Hence, a prospective juror who is conscientiously opposed to the imposition of the death sentence in any and every case is subject to a challenge for cause. *Jones v. People,* 6 Colo. 452; *Demato v. People,* 49 Colo. 147, 111 P. 703; *Hillen v. People,* 59 Colo. 280, 149 P. 250; and *Shank v. People,* 79 Colo. 576, 247 P. 559. And in *Atencio v. People,* 147 Colo. 566, 364 P.2d 575, we held that it was not improper to qualify a jury for the death penalty even though the People's "case" was entirely circumstantial in nature. This, then, being the state of the law in Colorado on this particular point, the trial court did not need to hold any evidentiary hearing and was fully justified in summarily rejecting this contention. Defendant's right to a fair and impartial trial was certainly not denied by thus qualifying prospective jurors on the death penalty.

 Nor under the circumstances do we perceive any error in the trial court's refusal to proceed further and hold an evidentiary hearing as to the contention that the death penalty constitutes "cruel and unusual punishment" or a hearing as to whether the death penalty would interfere with the defendant's right to freedom of religion and speech. Our attention has not been directed to any judicial determination that the death sentence is "unconstitutional" because it is cruel or unusual punishment, or because it interferes with one's right to freedom of religion or speech. Such being

the present state of the law, an evidentiary hearing into these two matters was unnecessary.

The only real issue in this writ of error is whether the defendant received a fair trial, or on the contrary whether his trial was of the Roman Holiday variety condemned by the Supreme Court of the United States in *Sheppard v. Maxwell*, 384 U.S. 333, 16 L. Ed.2d 600, 86 S. Ct. 1507. On this particular issue the trial court did conduct a full hearing. In this connection the defendant put on such evidence as he had, with the People also calling witnesses to testify as to the conduct of the trial of this case. It should be noted that no objection was made *during* the trial as to the manner in which the trial judge was presiding over the trial of the case. On the contrary, counsel was *then* apparently satisfied as to the trial court's handling of the news media. It was only *after* the verdict was received that this particular contention that the defendant had not received a fair and impartial trial was first raised. It would appear that better practice would suggest that if counsel felt that the trial judge was not properly handling the trial, he should have made timely objection. Be that as it may, we have nevertheless examined the record pertaining to pre-trial publicity as such related to the actual trial of the case, and we conclude that the instant case simply does not fall into the *Sheppard v. Maxwell* mold. We will not here detail the many differences between this case and the *Sheppard* case, but for one who is so inclined, examination of the record here on file will demonstrate that the difference between the *Sheppard* case and the instant one is about the difference between night and day.

The defendant is presently under order heretofore entered by this Court to be executed during the week beginning midnight, Saturday, August 26, 1967. Inasmuch as the time within which the defendant is allowed to file a petition for rehearing in the instant case extends beyond the week for which his execution has heretofore been set, it is therefore the order of this

Court that execution of the judgment and sentence of the District Court of the City and County of Denver heretofore set by us for the week of August 26, 1967, be and hereby is, reset and our further order is that said judgment and sentence be carried out during the week beginning at midnight, Saturday, September 16, 1967. As concerns our authority to fix the time when the original sentence of death shall be executed where, as here, stays of execution have been granted, see C.R.S. 1963. 39-7-24. Also *Sullivan v. People*, 111 Colo. 205, 189 P.2d 876 and *Mora v. People*, 19 Colo. 255, 35 P. 179.

The judgment is affirmed.