No. 15,495.

Potts *v.* The People.

(158 P. [2d] 739)

Decided April 30, 1945. Rehearing denied May 21, 1945.

Mr. Don D. Bowman, Mr. Fred J. Pferdesteller, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. James S. Henderson, Assistant, for the people.

*En Banc.*

·MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error, defendant below, was convicted of first degree murder of his wife and sentenced to death. We are asked to reverse the judgment and order a new trial: First, because of asserted error in the admission of a photograph of the body of the victim; and, second, because of the refusal of the trial court to admit certain character evidence.

On May 20, 1943, upon request of neighbors, the police investigated the disappearance of Mary Theresa Potts. They went to the family home in the evening and aroused the sleeping husband who first stated that his wife was in California, then that she was in the basement, where they found the body of Mrs. Potts buried in the furnace room. Defendant made several conflicting statements, but admitted that on Saturday, April 3, 1943, he assaulted his wife and threw or pushed her down the steep basement steps to the cement floor below, where he left her until the next morning when he went to the basement and found her body lodged against the supporting joist at the foot of the stairs. He further admitted that the next day, Monday, he excavated a hole in the basement, put his wife's body in it and covered it with the dirt taken from the excavation.

At the trial there was received in evidence, over objection of defendant, a picture of the badly decomposed body of his victim as it appeared at the morgue after its disinternment. No question is raised as to its being an accurate representation of the condition of the body when found. Objection is based on the fact that the condition of the body was such that the picture did not show either the features for identification or any marks evidencing cause of death; that the corpus delicti was otherwise established, and that the picture tended only

to incite, inflame and prejudice the minds of the jury against the defendant.

■ · Photographs are the pictured expressions of data observed by a witness. They are often more accurate than any description by words, and give a clearer comprehension of the physical facts than can be obtained from the testimony of witnesses. Ordinarily photographs are competent evidence of anything which it is competent for a witness to describe in words. *McCandless v. Commonwealth,* 170 Ky. 301, 185 S.W. 1100; *Blazka v. State,* 105 Neb. 13, 178 N.W. 832. Their admissibility does not depend upon whether the objects they portray could be described in words, but on whether it would be helpful to permit the witness to supplement his description by their use. *State v. Mannion,* 82 N.H. 518, 136 Atl. 358. They are not inadmissible merely because they bring vividly to the jurors the details of a shocking crime or tend to arouse passion or prejudice. *Moya v. People,* 88 Colo. 139, 293 Pac. 335; *People v. Balestieri,* 23 Cal. App. 708, 139 Pac. 821. It is only when photographs do not illustrate or make clear some issue of the case, and when they are of such a character as to prejudice the jury that they are not admissible. *Blazka v. State, supra.* The fact that the photographic evidence may be cumulative is not alone ground for its rejection; its admission rests largely in the discretion of the trial judge and his decision will not be disturbed on review unless an abuse of discretion is shown. *People v. Singh,* 136 Cal. App. 233, 28 P. (2d) 416.

The finding of the body of the victim and its identity were among the most important facts in establishing the crime and defendant's guilt. Not only of importance were the fractured bones evidencing cause of death—which did not appear from the photograph—and testimony as to where the body was found, but also the appearance of the body and its condition of decomposition as corroborating the admission of defendant as to

the fact and date of death. It can not reasonably be contended that the district attorney did not properly establish by testimony the facts of the discovery of the body and its condition. Such facts, being relevant and admissible by means of verbal portrayal, are equally relevant and admissible by means of photographic portrayal.

In *Ruloff v. People,* 45 N.Y. 213, the court said of photographs of two persons who had been found drowned: "By themselves, they would have been of but little value; but they were of some value as corroborating the other evidence identifying the bodies."

In *Walsh v. People,* 88 N.Y. 458, over objection of defendant, the prosecutor, in opening the case, exhibited to the jury a photograph of a young girl who was murdered, which the court found "apprised the jury of no material fact; nor did the picture convey an impression of any material fact in the case." Still it was held to furnish no ground for reversal, the court saying, "If the prosecuting officer, instead of exhibiting the picture, had described the deceased in terms calculated to excite the sympathy or pity of the jury, it would scarcely be claimed that an exception would lie to a refusal of the court to interfere."

In *State v. Kneeskern,* 203 Iowa 929, 210 N.W. 465, an enlarged photograph of the victim of the murder was admitted over defendant's objection that its only purpose was to appeal to the emotions and prejudices of the jury. The appellate court held that its admission was within the discretion of the trial court and that no reversible error was committed thereby.

In *State v. Woods,* 62 Utah 397, 220 Pac. 215, where defendant was charged with killing his wife by strangulation or causing concussion of the brain, then setting her body on fire, a photograph of the bedroom showing the blackened walls, the burned bed clothes, and burned body of the wife, was held admissible, over objection of the defense.

There was no error in the admission of the photograph.

 Defendant further urges that the court erred in excluding the testimony of his former wife as to his reputation in the community where he resided for being a peaceful, mild mannered, law abiding citizen. The period as to which this witness was interrogated terminated some four years prior to the murder, after which he and the witness were divorced and she left Denver. Four witnesses had previously testified in behalf of defendant as to such reputation, and the testimony of the former wife here sought to be introduced, if favorable to defendant, would have been merely cumulative. The number of character witnesses permitted is within the discretion of the trial court and there was no abuse of discretion in rejecting this testimony.

The judgment of the court below is affirmed, and it is ordered that the sentence thereby imposed be executed during the week beginning June 18, 1945.

MR. JUSTICE HILLIARD not participating.