No. 23492.

JOHN FRANCIS STOUT *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(464 P.2d 872)

Decided February 9, 1970.

BENTON S. CLARK, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE plaintiff in error, as the defendant in the trial court, pled not guilty to two separate charges of first degree rape involving two victims. On his motion, the two cases were consolidated for trial. He was found guilty by a jury of both charges. The trial court sentenced the defendant to a term in the penitentiary on each conviction, and ordered that the sentences be served concurrently.

The defendant now seeks reversal on several grounds. Our review of this record does not reveal any reversible error. We therefore affirm the judgments of the trial court.

Both victims testified that they met the defendant and three other men at a beer tavern in Colorado Springs. One of the men had previously known one of the victims. When the tavern closed about midnight, the victims accepted a ride with these men. One of the men assured

the victims they would be taken directly to their home. Instead, the defendant, who was operating the vehicle, drove up Cheyenne Road in a westerly direction and turned off onto the Gold Camp Road. After driving on the Gold Camp Road for a period of time, defendant stopped the vehicle. The first victim testified that the defendant forced her out of the car and dragged her a distance from the car. During this time, she stated that she screamed, that she resisted, and that defendant hit her. Defendant pulled part of her clothing off and then had intercourse with her. Just prior to the act of intercourse, one of the other men left the car, approached the defendant, and whispered something to him. This man testified he told the defendant to stop or he would get into trouble. To this, the defendant told him to get away. This individual and one of the other men, left the scene and started to walk back to Colorado Springs. No other effort was made to aid the victims.

The defendant and the first victim then returned to the car and on the way back to Colorado Springs, the defendant again stopped the car. This time he dragged and carried the second victim out of the car. She testified that she also screamed and resisted, and that the defendant kicked her in the stomach with his knee. She stated this knocked the breath out of her and then he "... jerked my pants down ... and then raped me."

After returning to the car with the second victim, he continued to drive back to Colorado Springs. On the way, the two men who had walked away were picked up. The two victims were then driven back to Colorado Springs. They were put out of the car a short distance from their home. Upon reaching their home, they notified the police and were taken to the hospital for examination. The examining doctor testified sperm was found in the vaginal tracts of both victims. He also testified that one of the victims had bruises about her left eye, on her left arm, and on her legs. The other victim had a bruise on her abdomen.

The defendant testified that he had intercourse with both of the victims, but contended that they readily submitted to his advances. He also stated he was quite drunk.

I.

Venue was a disputed issue in the trial court. Defendant, in effect, claims that the conflicting testimony of the various witnesses as to how far and how fast the vehicle was driven on the Gold Camp Road and the other testimony about the locations of the defendant's acts resulted in a situation requiring but one rational conclusion, to wit: that the alleged crimes were committed in Teller County rather than El Paso County. We disagree that all the evidence as to the location of the alleged crimes supports this sole conclusion.

The burden is on the people to prove venue in a criminal prosecution, but venue is a matter which may be proved by positive testimony or may be inferred from proof of other facts. *Tate v. People*, 125 Colo. 527, 247 P.2d 665; *Brock v. People*, 67 Colo. 389, 176 P.744; and *Brooke v. The People*, 23 Colo. 375, 48 P.502.

Two deputy sheriffs testified that they accompanied the victims to the places where the alleged crimes were purportedly committed. This occurred on the day following the events along the Gold Camp Road. Both of these officers testified that the locations were in El Paso County. Both victims also testified they accompanied the officers to the scenes of the alleged rapes and pointed out the locations. Although the witnesses for the defense testified about the general topography of the area and various distance factors, they did not testify that they had been at the sites of the alleged rapes nor did their testimony otherwise indicate conclusively that the locations were in Teller County rather than El Paso County.

Our review of all the testimony regarding the issue of venue reveals clearly that some of the testimony was conflicting. The jury was properly instructed that venue was one of the issues of the case and that if there

was any reasonable doubt in the minds of the jury as to whether the alleged crimes were, in fact, committed in El Paso County, they should acquit the defendant. By its verdicts, the jury obviously determined that the crimes were committed in El Paso County, and since there is evidence in the record to support this determination, the jury verdicts will not be overturned on review.

## II.

■■ The trial court over objection by the defendant admitted into evidence three photographs of one of the victims which showed bruises on her face and left arm. These photographs were taken within six hours after the occurrence of the alleged rape. The defendant's complaint seems to be that these exhibits should not have been admitted except for the limited purpose of showing the way the victim appeared at the time the picture was taken. Under the facts and circumstances of this case, we can see no merit to the defendant's claim that the admission of these photographs without a limitation being imposed by the trial court involves any reversible error.

■■ One of the important issues in this case was whether the defendant used force to accomplish the rapes. These photographs were probative of that issue and were properly admitted by the court without the limitation proposed by the defendant. It is only when photographs do not illustrate or make clear some issue of the case and when they are also of such a character as to unduly prejudice a jury that they are not admissible. The admission of photographs into evidence rests largely in the discretion of the trial judge and his discretion will not be disturbed on review unless it is clearly shown that no foundation was laid for the introduction of the photographs; or, that they are not probative of any issue in the case; and, that they might unnecessarily inflame the minds of the jury because of their shocking nature. *Monge v. People,* 158 Colo. 224, 406 P.2d 674; *People v.*

*Spinuzzi*, 149 Colo. 391, 369 P.2d 427; and *Potts v. People*, 114 Colo. 253, 158 P.2d 739.

### III.

■ In the closing argument, the district attorney stated he expected defense witnesses to testify that the crime was committed in Teller County but that all they did was talk of geographical features in the area. The defendant contends this statement was prejudicial because it placed on him the burden of disproving venue.

This statement standing alone might be construed to be prejudicial, however, when it is viewed in the context in which it was made, it was not an improper statement. The district attorney first called the jury's attention to the instruction that had been given by the court that the People must prove every element of the crime beyond a reasonable doubt. The district attorney then noted that one element of the crime was venue, and then made the statement now objected to by noting the defense had failed to rebut the People's evidence concerning venue. We do not think the statement put any burden on the defendant to disprove venue. Rather, it was a fair comment on defendant's failure to discredit or contradict the People's proof of venue.

■ The other statement of the district attorney of which complaint is made was that the two complaining witnesses were good and fine girls and not the type the defendant and his witnesses alleged they were. Defendant contends this was prejudicial because the statement amounted to unsworn and improper testimony vouching for the character of the complaining witnesses.

We have stated previously that we do not approve of arguments of this nature. However, the court instructed the jury that the remarks of counsel were not evidence, and we must presume the jury performed their duties and heeded the instructions given. *Rhodus v. People*, 160 Colo. 407, 418 P.2d 42; *Leick v. People*, 136 Colo. 535, 322 P.2d 674.

■ It should also be noted that counsel at trial, who

is also counsel here, made no objection to the statements when they were made. Ordinarily, failure to make a contemporaneous objection is fatal. See *Brown v. People*, 162 Colo. 406, 426 P.2d 764.

## IV.

In a supplemental motion for a new trial, the defendant alleged the existence of newly discovered evidence. At the hearing on this motion, defendant produced one witness whose testimony could be considered as an impeachment of the credibility and reputations for truth and veracity of the complaining witnesses. Defendant acknowledges that newly discovered evidence which goes to impeachment will not ordinarily be grounds for a new trial, but contends we should make an exception in this case.

A motion for a new trial based on the ground of newly discovered evidence should be granted only if the trial court is satisfied that the newly discovered evidence would in all probability change the result. Where the newly discovered evidence goes only to impeach a witness, a new trial should not be granted unless it is *clear* that such impeachment would result in a different verdict. *Miller v. People*, 92 Colo. 481, 22 P.2d 626. In light of the testimony at the hearing, we cannot say the lower court erred in deciding the verdict would not be different or abused its discretion in denying the motion for a new trial. *Miller v. People, supra; Edwards v. People,* 151 Colo. 262, 377 P.2d 399.

## V.

Lastly, the defendant maintains that the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence because the evidence was insufficient as a matter of law to sustain guilty verdicts of the two charges made against this defendant. This contention is without merit. Our review of this record reveals ample evidence to sustain the jury's verdict of guilty as to both of the alleged rapes.

Judgments affirmed.

150

Mr. Chief Justice McWilliams, Mr. Justice Kelley and Mr. Justice Groves concur.