No. 22920.

RICHARD ALLEN SANDOVAL *v*. THE PEOPLE OF THE STATE OF COLORADO.
(473 P.2d 722)

Decided August 17, 1970.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, TRUMAN E. COLES, Public Defender, EARL S. WYLDER, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE DEROOS, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

PLAINTIFF in error, Richard Allen Sandoval, was convicted by a jury of burglary and larceny in the Denver District Court. He seeks reversal of the judgment of conviction. Sandoval did not testify and offered no evidence in his defense.

The events giving rise to the charges against Sandoval occurred in the early morning hours of July 6, 1965. At approximately 3:45 a.m. two police officers were dispatched to Ted's Liquors on East Colfax Avenue in Denver, as a result of a silent burglar alarm which had been triggered by an unauthorized entry into the store building. The evidence showed that all exterior doors had been locked by the owner at the close of business the night before. Entry into the building had been made through a hole punched in the concrete and brick wall by use of a tire iron which was found in the debris near the hole inside the storeroom. In peering through the hole in the wall, one of the officers observed a person

hiding in an upstairs area. The officer commanded the person to come downstairs and to remain in the front of the store until the owner arrived and unlocked the premises. The intruder was identified as Sandoval. He was taken into custody and advised of his rights. However, he refused to sign a form of advisement of rights and he declined to answer any questions. Upon being searched, approximately $75 in currency and coins were found on his person. This money was identified by the owner as his property.

At the time of his arrest, Sandoval's clothing was disarranged and was described as covered with brick and mortar dust, as were his hands. He had sores and blisters on the palms of his hands and he appeared to be shaking and perspiring.

Three photographs were taken of Sandoval's hands at the police headquarters. These were admitted into evidence over his objection, and it is the admission of this evidence upon which Sandoval predicates prejudicial error.

We find no prejudicial error and therefore affirm the judgment.

I.

Sandoval argues that a sufficient foundation was not laid for the admission of the photographs into evidence because there was no evidence presented by the prosecution showing the condition of his hands prior to the day of the burglary and no direct evidence to show how his hands came to be in the sore and blistered condition.

We are not aware of any rule of law, and none has been directed to our attention, which requires the foundation suggested by Sandoval. The physical condition of his hands and the general appearance of his clothing were certainly relevant to the basic inquiry of whether Sandoval had forcibly broken and entered the store building. This is particularly so in view of the circumstances

that all entrances to the building were in fact locked, that the only means of ingress was the hole in the wall recently made, and that Sandoval was found hiding in the building on the second floor at approximately 4 a.m. in the morning. It is well-established that photographs are competent evidence to demonstrate visually any relevant fact which a witness may describe in words. *Hampton v. People,* 171 Colo. 153, 465 P.2d 394; *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427. The preliminary determination of the relevancy of the subject matter of the photograph having been established, the sufficiency of the foundation for its admission into evidence rests largely in the discretion of the trial court, which will not be disturbed on review in the absence of a showing of a clearly insufficient foundation. *Stout v. People,* 171 Colo. 142, 464 P.2d 872; *Monge v. People,* 158 Colo. 224, 406 P.2d 674; *Potts v. People,* 114 Colo. 253, 158 P.2d 739, 159 A.L.R. 1410. A review of the evidence shows a sufficient foundation was established for the admission of the photographs in this case, it having been shown that they accurately depicted the condition of Sandoval's hands as they existed at the time of his arrest. Sandoval's arguments in this connection are without merit.

## II.

Sandoval next contends that the taking of photographs by the police officers violated his constitutional rights in that they were taken at a critical stage of the criminal proceedings against him, when he was not advised of his rights, and when in fact he did not have a lawyer present. The constitutional rights presumably violated were his Fifth Amendment privilege against self-incrimination and Sixth Amendment right to counsel under the United States Constitution, and corresponding rights under sections 16 and 18 of article 2 of the Colorado constitution.

First of all we note that there is unrebutted evidence in the record that Sandoval was twice advised of his rights prior to the taking of the photographs. However,

388

we need not determine the sufficiency of his waiver of rights to counsel in view of our holding.

 We reject Sandoval's contention that the taking of photographs of a suspect involves his privilege against self-incrimination. This privilege is concerned with and limited to testimonial compulsion as distinguished from a compulsion to exhibit physical characteristics. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149; *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908; *Holt v. United States,* 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021. In *Schmerber, supra,* the Court stated:

"* * * On the other hand, both federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, *photographing,* or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it." (Emphasis added.)

This rule was followed in *DeBaca v. People,* 167 Colo. 311, 447 P.2d 533, where the taking of fingerprints was held to be nontestimonial and not forbidden by the Fifth Amendment. The same principle specifically applies to photographing a suspect, as stated in *Schmerber, supra,* which was affirmed in *Wade, supra.*

 The further contention that the taking of the photographs of Sandoval occurred at a critical stage of the proceedings in the absence of an attorney, or waiver of an attorney, and therefore deprived him of his Sixth Amendment rights to counsel is likewise answered in *DeBaca v. People, supra, Wade, supra,* and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 2d 1178. In *Wade, supra,* the Court distinguished "mere preparatory" steps in the gathering of evidence such as "systema-

tized or scientific analyzing of the accused's fingerprints, blood samples, clothing, hair, and the like" from those stages described as critical stages, such as lineup.

"* * * We think there are differences which preclude such stages being characterized as critical stages at which the accused has the right to the presence of his counsel. Knowledge of techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary process of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts. The denial of a right to have his counsel present at such analyses does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial." *United States v. Wade, supra.*

On the basis of the same rationale, we hold that the photographing of an accused to preserve visually his appearance at a time near that of the alleged commission of the offense is not in a critical stage of the proceeding, entitling the accused to the assistance of counsel. See also *Rech v. United States,* 410 F.2d 1131 (10th Cir.). We find no violation of Sandoval's constitutional rights.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.