**No. 26451**

**The People of the State of Colorado v. Carlos Juan Medina**
(545 P.2d 702)

Decided February 2, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Newton and Johnson, Arnaud Newton, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE DAY.

We affirm on this appeal defendant Medina's conviction of menacing, a class 5 felony.

The incident which gave rise to the charge against Medina involved an attack upon a bartender who was seriously injured. The bartender and five other witnesses testified for the People. The victim stated that defendant stood two to three feet away from him with a knife pointed at him and verbally threatened to kill him. The victim further testified that he was in fear of his life. He was subsequently knocked face down on the floor, kicked and stabbed by several men. The victim identified defendant as one of the group.

The other eyewitnesses corroborated many details of the victim's account although none of them was in a position to actually observe defendant using the knife.

Defendant was the only one to testify in his defense. He stated that he had been in the bar earlier that afternoon with a friend, departed and later returned. Upon returning to the bar he was told by his brother to leave because a fight had taken place. He claimed that this was the full extent of his involvement in the incident.

Defendant's major contention is that certain prosecutorial remarks made during rebuttal closing argument require the granting of a new trial.

The remarks in question concern defendant's failure to produce certain witnesses to corroborate his alibi testimony. Defendant had testified that his wife and a friend, whom he mentioned by name, were with him during the reported time interval between his visits to the bar. The thrust of the prosecutor's query concerned the reason — if defendant's story were true — why he failed to produce these witnesses.

■ We do not agree that these remarks effected an impermissible shift in the burden of proof. Just prior to making the remarks in question, the district attorney stated that defendant does not have to produce evidence, stating: "It is my duty to prove guilt beyond a reasonable doubt." Furthermore, the trial court gave the standard burden of proof and reasonable-doubt instructions.

■ Defendant cites no cases in direct support of his position. We find the weight of authority is against him. While it is improper to comment intentionally on a defendant's failure to testify, it is permissible to comment on the lack of evidence confirming defendant's theory of the case. *Knowles v. United States*, 224 F.2d 168 (10th Cir. 1955); *Edwards v. Patterson*, 249 F. Supp. 311 (D. Colo. 1965).

■ As we stated in *People v. Todd*, 189 Colo. 117, 538 P.2d 433 (1975):

". . . In protecting the accused against unfair comment, we are not compelled to limit advocacy or to gag the prosecution in legitimate oral argument covering the evidence and inferences which can be drawn from the evidence. . . ."

Defendant, having testified in his own defense, does not claim, nor could he, that the purportedly improper statements were in reference to his constitutional right not to testify.

We reject the other arguments raised in this appeal as being devoid of merit.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.