559 P.2d 714 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Hoover REYNOLDS, Defendant-Appellant.
No. 75-246.
Colorado Court of Appeals, Div. I.
September 23, 1976.
Rehearing Denied October 21, 1976.
Certiorari Denied February 7, 1977.
*715 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James S. Russell, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Carol L. Gerstl, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
RULAND, Judge.
Defendant, Hoover Reynolds, was convicted by a jury of deviate sexual intercourse by force, of rape, and of first degree kidnapping. He appeals contending that: (1) Testimony relative to his identification by the complainant in a photographic display should have been suppressed; and (2) an instruction should have been given to the jury to assist them in evaluating complainant's eyewitness testimony. We affirm.
Insofar as pertinent to this review, the record reflects that the complainant was kidnapped and assaulted on June 20, 1974. Thereafter defendant was arrested and incarcerated in conjunction with other felony charges. On July 6 defendant was interviewed in the jail by a detective relative to defendant's knowledge of other crimes allegedly committed by another suspect. In the course of that interview, the detective concluded that defendant might fit the description provided by other rape victims of their assailant and so a color Polaroid picture of defendant was taken. This photograph, along with five others, was shown to the complainant on July 10, 1974, and she picked the defendant's photograph as that of her attacker.
Crim.P. 41.1 authorizes a court to order a person to submit to nontestimonial identification upon a showing that reasonable grounds exist to suspect that an offense was committed by that person. Defendant contends that the out-of-court identification testimony, based upon the photograph, should have been suppressed because the detective failed to obtain a court order to take the photograph in compliance with Crim.P. 41.1. On the other hand, the authority of law enforcement officers to photograph, fingerprint, and measure a suspect while he is under arrest, confined, or awaiting trial has long been recognized, as well as the propriety of using photographs obtained thereby for identification purposes. See, e. g., United States v. Kelly, 55 F.2d 67 (2d Cir. 1932); Shaffer v. United States, 24 App.D.C. 417 (1904), cert. denied, 196 U.S. 639, 25 S.Ct. 795, 49 L.Ed. 631 (1905); see also Annot., 16 L.Ed.2d 1332 at 1343; 21 Am.Jur.2d Criminal Law § 369. Hence, we conclude that Crim.P. 41.1 is not applicable under the circumstances of this case, and thus the trial court properly denied the motion to suppress.
Defendant also contends that the trial court erred in failing to instruct the jury on eyewitness identification testimony pursuant to the instruction approved in United States v. Telfaire, 152 U.S.App.D.C. 146, 469 F.2d 552 (1972). We disagree. The Telfaire instruction directs the jury to evaluate eyewitness identification in terms of, inter alia, whether the witness had the capacity and opportunity to observe, whether the identification was a product of the witness' recollection, and whether the witness failed to make identification on prior occasions. In lieu thereof, *716 the trial court instructed the jury that it must find beyond a reasonable doubt that defendant was in fact the perpetrator of the offense before it could find him guilty. The trial court also informed the jury on the credibility of witnesses generally in the form of Colo.J.I. (Crim.) 3.8.
While we recognize that the Telfaire instruction has been approved by various courts, see, e. g., United States v. Holley, 502 F.2d 273 (4th Cir. 1974); United States v. Hodges, 515 F.2d 650 (7th Cir. 1975), in this jurisdiction it is proper for the trial court to deny a special instruction on eyewitness identification testimony where a general instruction on credibility is given. People v. Lopez, 182 Colo. 152, 511 P.2d 889 (1973).
Judgment affirmed.
COYTE and PIERCE, JJ., concur.