# SEPTEMBER TERM 1980

### No. 80SA266

**The People of the State of Colorado v. Louis Peoples, Jr.**

(616 P.2d 131)

Decided September 8, 1980.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, Steven Barnard, Deputy, for plaintiff-appellant.

Edward L. Kirkwood, for defendant-appellee.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

This is an interlocutory appeal brought by the People challenging a ruling of the trial court suppressing photographs of the defendant's hands. We reverse.

The premises of a lumber company were burglarized. Entry was gained by scaling a barbed wire fence. At the time of the defendant's arrest for this burglary, it was noted that there were a number of small cuts on his hands which the police officers believed may have been caused by contact with barbed wire. Photographs were made of the defendant's hands to preserve evidence of their condition at the time of arrest.

The People sought to introduce the photographs at trial, but the trial court excluded them on two grounds: (1) as violative of the defendant's Fifth Amendment privilege against compelled self-incrimination and (2) for failure on the part of the police to obtain a court order for nontestimonial identification pursuant to Crim. P. 41.1. Defendant also contends that the taking of these photographs was an unconstitutional seizure in violation of the Fourth Amendment.

I.

In his brief, attorneys for the defendant concede that the first basis for suppression of the photographs, violation of the defendant's Fifth Amendment privilege, is without merit. The Fifth Amendment protects a criminal defendant from disclosing knowledge by way of compelled testimony, but it does not prohibit authorities from recording physical characteristics of a person. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). In *Sandoval v. People,* 172 Colo. 383, 388, 473 P.2d 722, (1970), this court followed the *Wade* rule stating:

"We reject Sandoval's contention that the taking of photographs of a suspect involves his privilege against self-incrimination. This privilege is concerned with and limited to testimonial compulsion as distinguished from a

compulsion to exhibit physical characteristics."

II.

■ Turning to the second basis upon which the district suppressed the photos, we find that Crim. P. 41.1 is not applicable to nontestimonial identifications of persons already in police custody pursuant to a lawful arrest.

■ In *Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), the United States Supreme Court held that taking persons into custody without probable cause for nontestimonial identifications was unconstitutional. However, in its opinion, that court did not preclude states from adopting procedures to allow authorities to conduct nontestimonial identifications on something less than probable cause. Crim. P. 41.1 was adopted to allow police to bring persons into custody for purposes of a nontestimonial identification if, *inter alia,* there is probable cause to believe that an offense has been committed and "reasonable grounds, not amounting to probable cause," to suspect the person brought into custody committed the offense.

■ In the instant case, however, Crim. P. 41.1 is inapplicable because the defendant was already in police custody pursuant to a lawful arrest based on probable cause. Authorities must obtain a judicial order pursuant to Crim. P. 41.1 only when they take someone presently at liberty into custody for purposes of the nontestimonial identification.

Crim. P. 41.1(b) is wholly consistent with this interpretation of the rule. Subsection (b) states that an order may be required "prior to the arrest of a suspect, after arrest and prior to trial or . . . during trial." In each of those circumstances, the rule presumes that the person to undergo the identification is at liberty when the identification is sought and not already lawfully in police custody.

III.

Finally, the defendant argues that the taking of photographs of his hands was an unconstitutional seizure in violation of the Fourth Amendment. We do not agree.

The photographs of the defendant's hands were taken incident to a lawful arrest based on probable cause. Such searches have long been approved by the United States Supreme Court. *See Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). In *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), the Supreme Court ruled that a full body search of the defendant incident to a lawful arrest did not violate the Fourth Amendment. The court stated: "It is the fact of the lawful arrest which establishes the authority to search, and we hold that in a case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment."

And in *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the Supreme Court said, ''[W]hen an arrest is made, it is . . . entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction.''

We hold that the taking of photographs of a defendant's hands incident to a lawful arrest based on probable cause does not violate the Fourth Amendment prohibition against unreasonable searches and seizures. *See also United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).

The ruling of the trial court is reversed.