The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Larry **LARSON**, Defendant–Appellant.

No. 88CA0042.

Colorado Court of Appeals,
Div. II.

July 6, 1989.

Rehearing Denied Aug. 3, 1989.

Certiorari Denied Nov. 27, 1989.

with a woman and her boyfriend concerning the woman's dog. Ultimately, defendant pointed a handgun at both of his adversaries, and the argument ended. Thereafter, the woman notified the police, and defendant was arrested and charged with the offenses at issue.

A police technician testified that, while defendant was in custody, he asked defendant to submit to a trace metal detection test. Defendant refused, so the test was not administered. In closing argument, the prosecutor asserted that defendant's refusal to consent to the test was evidence of his guilt.

I.

Finding no basis for defendant's assertion of a privacy right, we reject his contention that the trial court erred in admitting evidence of, and prosecutorial comment on, his refusal to submit to the trace metal detection test.

The constitutional prohibition against unreasonable searches and seizures protects those who have a reasonable expectation of privacy. *People v. Harfmann*, 38 Colo. App. 19, 555 P.2d 187 (1976). However, the authority of law enforcement officers to obtain non-testimonial evidence while a defendant is under arrest has long been recognized. *People v. Reynolds*, 38 Colo.App. 258, 559 P.2d 714 (1976).

For one lawfully in custody, a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a reasonable search. *People v. Peoples*, 200 Colo. 509, 616 P.2d 131 (1980). Thus, even if the trace metal detection test here could be considered to be a search, *see People v. Santistevan*, 715 P.2d 792 (Colo.1986), defendant's custodial status belies any notion of a reasonable expectation of privacy that would forbid the administration of such a test. *People v. Peoples, supra.*

When the prosecution's desire to obtain non-testimonial evidence directly relates to a substantive count, comments on a defendant's refusal to comply are proper. *United States v. Nix*, 465 F.2d 90 (5th

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Martin J. Gerra, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Larry Larson, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of felony menacing and one count of possession of a weapon by a previous offender. We affirm.

At trial, the evidence showed that defendant became engaged in a heated argument

Cir.1972), *cert. denied,* 409 U.S. 1013, 93 S.Ct. 455, 34 L.Ed.2d 307 (1972). Thus, the fact-finder is justified in drawing an inference of guilt from a defendant's refusal to comply with a lawful request to provide non-testimonial evidence. *See United States v. Askew,* 584 F.2d 960 (10th Cir. 1978), *cert. denied,* 439 U.S. 1132, 99 S.Ct. 1054, 59 L.Ed.2d 94 (1979).

■ Here, defendant was in custody when he was requested to submit to the trace metal detection test. Since he had no expectation of privacy, and since the test results would have related directly to the issue whether he held a gun, admission of defendant's refusal to comply did not constitute an invasion of his privacy.

Moreover, under these circumstances, comment on defendant's refusal was not improper. The record contains no hint that the technician's request that defendant submit to the test was anything but lawful. Additionally, the focal issue at trial was whether defendant held a gun during the incident. Thus, we do not believe that the prosecutor's comments constituted reversible error.

## II.

We also reject defendant's contentions that evidence of his refusal to submit to the test was irrelevant, and that its prejudicial effect outweighed its probative value.

■ Facts which logically tend to prove or disprove a fact in issue or which afford a reasonable inference or shed light upon the matter contested are relevant. *People v. Botham,* 629 P.2d 589 (Colo.1981). The determination whether proffered evidence is relevant is within the sound discretion of the trial court; if the evidence has probative value in determining an issue in dispute, the trial court's decision will not be reversed absent an abuse of discretion. *People v. Schwartz,* 678 P.2d 1000 (Colo. 1984). Only when the prejudicial effect of an evidentiary item outweighs its probative value will the trial court's evidentiary ruling be overturned as an abuse of discretion. *People v. Abbott,* 638 P.2d 781 (Colo. 1981).

■ Menacing is a Class 5 felony if committed with a deadly weapon. Section 18–3–206, C.R.S. (1986 Repl.Vol. 8B) Section 18–12–108, C.R.S. (1986 Repl.Vol. 8B) makes it a crime for a previous offender to carry a firearm. Thus, the determination whether defendant held a gun during the incident is a relevant inquiry. Results of the trace metal detection test would have compelling probative significance as to these contested elements of the offenses charged, and defendant's refusal to submit to the test was relevant to this issue. Since the probative value of this evidence outweighs any prejudice to defendant, we conclude that the trial court did not abuse its discretion.

## III.

Defendant next contends that CRE 1002 and CRE 701 were violated when the trial court allowed a prosecution witness to testify that a photograph not admitted into evidence depicted the defendant. We disagree.

At trial, defendant objected to this testimony as not having a foundation, and did not raise the grounds he asserts as error on appeal. Therefore, a plain error analysis is required. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

■ The focus of inquiry under the plain error standard is whether the asserted error substantially influenced the verdict or affected the fairness of the trial proceeding. *People v. Aalbu,* 696 P.2d 796 (Colo. 1985). The sufficiency of evidence to establish the qualifications and knowledge of a witness to express an opinion based on physical facts he has observed is a question for the trial court, and is not subject to reversal unless clearly erroneous. *People v. Gallegos,* 644 P.2d 920 (Colo.1982).

■ The records custodian for the Department of Corrections testified from a "pen pack" that the defendant had been incarcerated for a prior felony conviction. A "pen pack" is a certified record containing the mittimus, fingerprints, and photograph of inmates discharged from the Department. Defendant presented no contrary evidence. Although the better prac-

tice would have been to admit either the entire "pen pack" or defendant's photograph into evidence, since the court's procedure did not substantially influence the verdict or affect the fairness of the trial, no plain error occurred.

### IV.

Defendant next contends that the evidence of identity was insufficient to support his conviction for possession of a weapon by a previous offender. Again, we disagree.

Challenges to sufficiency of the evidence to support a criminal conviction require a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that defendant is guilty of the crime beyond a reasonable doubt. *Taylor v. People*, 723 P.2d 131 (Colo.1986).

The jury heard uncontradicted evidence that defendant's birth date was December 16, 1942. The records custodian testified that a Larry Larson, born December 16, 1942, had been convicted of armed robbery in 1974, incarcerated in the Department of Corrections, and paroled on July 15, 1984. She further testified that her search of the Department's records revealed that only one Larry Larson had ever been subject to the Department's jurisdiction. She also positively identified defendant as the same person whose photograph was contained in the Larry Larson pen pack. This evidence was sufficient to satisfy the requirements of *Taylor v. People, supra.*

### V.

The trial court failed to instruct the jury that, in order for defendant to be found guilty of possession of a weapon by a previous offender, he must have possessed a firearm within ten years after his discharge from incarceration. Defendant contends this omission constituted reversible error. While we agree that error occurred, reversal is not mandated.

Absent a timely objection to an erroneous instruction as given, review is limited to whether the erroneous instruc-

tion constituted plain error. *People v. Cowden*, 735 P.2d 199 (Colo.1987). In the context of instructional error, plain error does not occur unless a review of the entire record demonstrates that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *People v. Hampton*, 746 P.2d 947 (Colo.1987). If an element of the crime was not contested at trial, the trial court's failure to instruct properly on that issue generally does not constitute plain error. *Espinoza v. People*, 712 P.2d 476 (Colo.1985).

Even though the instruction here was admittedly deficient, *see* § 18–12–108, C.R.S. (1986 Repl.Vol. 8B), defendant specifically approved the instructions as a whole and made no objection to this particular instruction. Moreover, the time requirement of the statute was not contested at trial. Consequently, under these circumstances, reversal is unwarranted.

The judgment is affirmed.

STERNBERG and FISCHBACH, JJ., concur.